## KELLOGG v. BARRETT.

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

SALE—DISCOUNT FROM PRICE—PAYMENT—RETURN OF GOODS.

On a sale of goods subject to a certain discount if paid for before a certain time, the purchaser is entitled to the discount only on full payment of the price in cash before the expiration of the time specified, and a return of the goods is not such a payment as is contemplated by the contract.

Appeal from judgment on report of referee.

Action by Robert D. Kellogg against James J. Barrett. There was a judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. M. Hastings,* for appellant. *Frank H. Baker,* for respondent.

MACOMBER, J. The recovery was upon a check drawn by the defendant to the plaintiff's order for $30, and upon balances of account due from the defendant, in the one case to James H. Phelan, and in the other to Jeremiah Phelan, both assigned to the plaintiff; amounting in all, with interest, to $60.25. The indebtedness upon the check is not controverted. It is urged, however, upon this appeal, as well as at the trial, that on the James H. Phelan account there should have been deducted the difference between the 60 and the 30 day prices, which was 2 per cent., amounting to $5.11, leaving a balance unpaid of $10.19, instead of $15.30; and a deduction of $13.69, or 4 per cent., for like reasons, in the balance of the Jeremiah Phelan account. The evidence, which fully supports the conclusions of the referee, is that goods were sold on a credit of 60 days, with a graduated discount if paid before the expiration of credit. There were no cash payments, save $25 on the Jeremiah Phelan bill; but most of the merchandise was returned by the buyer to the sellers, and

credited as cash on the account. The case shows that the discount was to be allowed only in case the whole bill was paid before expiration of the 60 days. I do not see but that, if the contention of the appellant's counsel is correct, the defendant, by returning nearly all the goods, and having them credited on the account at the invoice price, and still claiming the discount for purposes of payment, would get for nothing that part of the property not returned. But the meaning of the contract was that, in case the purchaser paid and settled the bill in full for cash, before the term of credit expired, there should be a deduction from the list price; otherwise the full price asked should be paid. The judgment should be affirmed. All concur.